UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE FULLMER,

      Plaintiffs,

v.                                Case No. 8:26-cv-1132-VMC-LSG

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Suzanne Fullmer's Motion to Strike Defendant's Affirmative Defenses (Doc. # 19), filed May 22, 2026. Defendant Portfolio Recovery Associates, LLC ("PRA") responded in opposition on June 5, 2026. (Doc. # 20). For the reasons that follow, the Motion is denied.

I.    **Background**

"Sometime . . . in 2025, [PRA] filed a lawsuit against [Ms. Fullmer] seeking to collect a consumer credit card debt." (Doc. # 1-1 at 2). According to Ms. Fullmer, "[t]he parties resolved the lawsuit" pursuant to a settlement of $863.17, paid by Ms. Fullmer to PRA. (Id.). The lawsuit filed by PRA was subsequently "dismissed in mid-January 2026, with prejudice due to settlement and payment received." (Id.).

1

However, "on or about February 9, 2026, [PRA] reported and updated its tradeline for the debt on [Ms. Fullmer's] credit report to the credit bureaus as actively due and owing, delinquent, and in collection." (Id.). Ms. Fullmer contends that "[t]his improper credit reporting has negatively affected [her] ability to acquire a loan and has caused [her] a significant amount of distress, frustration, and embarrassment." (Id. at 3).

On February 28, 2026, Ms. Fullmer initiated this action against PRA in state court, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"). (Doc. # 1-1). PRA removed the case to this Court on April 20, 2026, on the basis of federal question jurisdiction. (Doc. # 1). On May 1, 2026, PRA filed its Answer and Affirmative Defenses. (Doc. # 13). Therein, PRA asserts seven affirmative defenses to Ms. Fullmer's Complaint. (Id. at 6-9). Ms. Fullmer now moves to strike all seven affirmative defenses. (Doc. # 19). PRA has responded (Doc. # 20), and the Motion is ripe for review.

## II.  Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are considered 'drastic' and are

2

disfavored by the courts." Omnia Med., LLC v. PainTEQ, LLC, No. 8:22-cv-145-VMC-TGW, 2022 WL 3139241, at *3 (M.D. Fla. Aug. 5, 2022) (citing Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)). "Specifically, 'motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered time wasters, and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Id. (quoting Italiano v. Jones Chems., Inc., 908 F. Supp. 904, 907 (M.D. Fla. 1995)); see also Augustus v. Bd. Of Pub. Instruction, Escambia Cnty., 306 F.2d 862, 868 (5th Cir. 1962) ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." (citation omitted)).

"Because motions to strike are generally disfavored, a pleading will only be stricken if it is clear that the pleading is 'insufficient as a matter of law.'" Omnia Med., LLC, 2022 WL 3139241, at *3 (quoting Ware v. Knights Enter., No. 8:12-cv-1981-JSM-MAP, 2012 WL 6213129, at *1 (M.D. Fla. Dec. 13, 2012)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it

3

is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citation omitted). "In evaluating a motion to strike, 'the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.'" Id. (citation omitted). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

## III. Analysis

### A. First and Second Affirmative Defenses

In the first and second affirmative defenses, PRA alleges that the Complaint "fails to state a claim under the FDCPA because the Complaint fails to allege ultimate facts that: (1) PRA was attempting to collect a debt from [Ms. Fullmer]; (2) identify the alleged debt; and/or (3) allege [PRA] used any false, deceptive, or misleading representation or means in connection with the collection of any alleged debt in violation of the FDCPA" under § 1692e and § 1692f. (Doc. # 13 at 6-7).

4

Ms. Fullmer argues these defenses should be stricken because they "simply point out a defect in [her] prima facie case, which is improper as an affirmative defense." (Doc. # 19 at 4). In response, PRA contends that "'a failure to state a claim upon which relief may be granted' is a proper affirmative defense." (Doc. # 20 at 7).

The Court disagrees. Indeed, "[t]he Eleventh Circuit has stated that an assertion in an answer that the complaint fails to state a claim because it did not allege certain facts is not an affirmative defense but rather is a general defense akin to a Rule 12(b)(6) motion." GMA Garnet (USA) Corp. v. US Iron Fla, LLC, No. 3:25-cv-2152-TKW-HTC, 2026 WL 509343, at *2 (N.D. Fla. Feb. 24, 2026) (cleaned up and citation omitted); see also In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); Philpot v. MyArea Network, Inc., No. 8:20-cv-1239-VMC-TGW, 2021 WL 2649236, at *13 (M.D. Fla. June 28, 2021) (noting "the failure to state a claim is not an affirmative defense").

That said, the Eleventh Circuit has not addressed "whether an improperly labeled failure-to-state-a-claim 'affirmative defense' should be stricken." GMA Garnet (USA)

Corp., 2026 WL 509343, at *2. Thus, "[a]ffirmative defenses that do not admit the complaint's factual allegations but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken." U.S. Commodity Futures Trading Comm'n v. Montano, No. 6:18-cv-1607-GAP-GJK, 2019 WL 568393, at *1 (M.D. Fla. Feb. 1, 2019).

Accordingly, the Motion is denied as the first and second purported "affirmative defenses." The Court will instead treat these defenses as denials. See United States v. Madison, 812 F. Supp. 3d 1233, 1239 n.1 (M.D. Fla. 2025) (treating similar "affirmative defenses" as denials); GMA Garnet (USA) Corp., 2026 WL 509343, at *2 (same).

### B. **Third Affirmative Defense**

In the third affirmative defense, PRA states that it is not liable for the alleged FDCPA violation "because the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such errors of allegedly reporting on an account after the account has been settled, or that any reporting was an attempt to collect on an account in violation of the FDCPA." (Doc. # 13 at 7).

6

Ms. Fullmer argues the "third affirmative defense is insufficiently pled and fails to provide any facts to support its position or provide any information or clarity connecting it to [her] claim." (Doc. # 19 at 6). Further, Ms. Fullmer argues "the bona fide error defense should be characterized under Rule 9(b) . . . and must be held to the heightened pleading standard." (Id. at 8). In response, PRA argues that it "pled that it has policies and procedures in place to properly report on an account after there has been a settlement," and that its "bona fide error defense does not simply recite the statutory language." (Doc. # 20 at 10-11). PRA also argues "a bona fide error defense does not need to meet Rule 9(b)'s heightened pleading." (Id. at 12).

The Court notes that the Motion states that PRA "agreed to striking this defense with leave to amend." (Doc. # 19 at 4, n.2). Yet, PRA has argued against striking it. (Id. at 9-12). The Court treats this part of the Motion as opposed.

The FDCPA provides that

> [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

"The district courts are split on the issue" of whether a heightened pleading standard applies when bona fide error is raised as an affirmative defense. Clowers v. Mandarich Law Group LLP, No. 5:19-CV-179 (MTT), 2019 WL 4979887, at *2-3 (M.D. Ga. Oct. 8, 2019) (collecting cases and noting that "the Eleventh Circuit has not addressed this issue"); see also Rabuck v. Pollack & Rosen, P.A., No. 6:24-cv-1586-PGB-DCI, 2025 WL 858447, at *4 n.7 (M.D. Fla. Mar. 19, 2025) (noting "some courts in this District have indeed held 'that the bona fide error defense is subject to Rule 9(b)'s heightened pleading standards,'" but that "[u]ltimately, such authority is merely persuasive" (citation omitted)). Here, Ms. Fullmer has not identified any Eleventh Circuit case that applies a heightened pleading standard to the bona fide error defense pled as an affirmative defense, and accordingly, the Court declines to apply a heightened pleading standard. See Id. at *2 ("Given the lack of consensus in the Eleventh Circuit, the plain language of Rule 8, the practical difficulty of collecting the information necessary to include supporting factual allegations in the 21-day response period, and the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains,

8

this Court follows the latter approach. In other words, to sufficiently plead an affirmative defense, a defendant need only provide fair notice of the defense and the grounds upon which it rests, not detailed factual allegations." (cleaned up and citations omitted)).

PRA's third affirmative defense is sufficiently pled under Rule 8. In the third affirmative defense, PRA alleges that it has policies in place to avoid reporting on an account after the account has been settled, but it nonetheless unintentionally reported on Ms. Fullmer's settled account. (Doc. # 13 at 7). "Although succinct, verbosity is unnecessary when the circumstances are clear and [Ms. Fullmer] is provided with 'fair notice' of the nature of the defense and grounds upon which it rests." Rabuck, 2025 WL 858447, at *4. Unlike the defendants in the cases cited by Ms. Fullmer, here, PRA has provided additional information beyond the statutory text and has connected its affirmative defense to Ms. Fullmer's specific allegation that PRA violated the FDCPA by reporting on her account after it was settled. See Morales v. Medicredit, Inc., No. 20-60854-CIV, 2020 WL 13389335, at *2 (S.D. Fla. June 16, 2020) (striking affirmative defense that failed to identify the alleged violation); Bartholomew v. Pollack & Rosen, P.A., No. 2:15-cv-135-JES-MRM, 2015 WL

9

3852944, at *2 (M.D. Fla. June 22, 2015) (striking affirmative defense that "simply restates the statutory language without any additional detail" and "does not provide any information connecting it to Plaintiff's claims").

"Because the bona-fide-error defense is not insufficient (i.e., it does not appear to a certainty [that Ms. Fullmer] would succeed despite any set of facts [PRA] could prove to support the defense), redundant, immaterial, impertinent, or scandalous, there is no basis for striking it under Rule 12(f)." Sellers v. Rushmore Loan Mgmt. Services, LLC, No. 3:15-cv-1106-PDB, 2016 WL 11431489, at *4 (M.D. Fla. May 26, 2016). Accordingly, the Motion is denied as to the third affirmative defense.

C. **Fourth and Fifth Affirmative Defense**

In the fourth and fifth affirmative defenses, PRA alleges that Ms. Fullmer's actual damages (a) "were caused by superseding or intervening causes or caused by the actions of third parties that are not parties to this action," and (b) "are the result of actions by third parties over whom PRA has no control." (Doc. # 13 at 7). In her Motion, Ms. Fullmer argues these defenses should be stricken because they do "not provide a shred of factual predicate to connect [the defenses] to [her] claim." (Doc. # 19 at 9-11). In response, PRA

10

contends that "the credit bureaus are [] third-part[ies] to this lawsuit" and that "[h]ow, when, and what the [credit bureaus] reported on [Ms. Fullmer's] credit report . . . is a fact at issue." (Doc. # 21 at 13).

The Court notes that, as to the fourth affirmative defense, the Motion states that PRA "agreed to striking this defense with leave to amend." (Doc. # 19 at 9, n.5). Yet, PRA has argued against striking it. (Doc. # 21 at 12-13). The Court treats this part of the Motion as opposed.

The Eleventh Circuit has not decided whether actual damages are required for FDCPA claims. See Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1008 n.1 (11th Cir. 2020) (Martin, C.J. concurring) (noting that the Eleventh Circuit "has not decided (and does not decide here) whether statutory damages are available under the FDCPA in the absence of actual damages"). Other circuits have held that the FDCPA does not require actual damages. See Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 513 (6th Cir. 2007)("[A] consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages."); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307 (2d Cir.2003) ("[C]ourts have held that actual damages are not required for standing under the FDCPA." (citing Keele v.

11

Wexler, 149 F.3d 589, 594 (7th Cir. 1998); Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982))).

Here, the Court finds that the fourth and fifth "affirmative defenses" are not affirmative defenses, but denials that PRA caused any actual damages to Ms. Fullmer. "When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial." Muschong v. Millennium Physician Group, LLC, No. 2:13-cv-705-SPC-CM, 2014 WL 1268574, at *7 (M.D. Fla. Mar. 27, 2014). Accordingly, the Motion is denied as to the fourth and fifth affirmative defenses.

### D. Sixth and Seventh Affirmative Defenses

In the sixth affirmative defense, PRA alleges that Ms. Fullmer's claims are barred because she "failed to provide [PRA] with written notice and a reasonable opportunity to cure the alleged breach, as required by Section 16 of the Settlement Agreement." (Doc. # 13 at 8). Likewise, in the seventh affirmative defense, PRA alleges that

> [her] claims are barred, in whole or in part, because under Paragraph 7 of the terms of the Settlement Agreement, PRA was required to request that the Credit Reporting Agencies ("CRAs") delete [Ms. Fullmer's] trade-line/account within thirty days of the date that the Settlement Agreement was fully executed. Further, under the Settlement

> Agreement, [Ms. Fullmer] acknowledged that any updates to [her] trade-line/account could take up to forty-five (45) days to be reflected on her credit report. [Ms. Fullmer] fails to allege in her Complaint the date that the settlement agreement was fully executed which would have started the relevant time period. To the extent that a fully executed copy of the Settlement Agreement does not exist, then the time period within which PRA had to request deletion of the information from [her] credit report did not begin to run because the necessary prerequisites to trigger this term were not met.

(Id.).

Ms. Fullmer argues these defenses should be stricken because "[c]ourts have repeatedly determined that a valid notice-and-cure provision may foreclose a breach of contract claim, but not other claims that exist independent of the contract." (Doc. # 19 at 11). Ms. Fullmer also contends that she "is not alleging breach of any contract. Instead, [she] is suing [PRA] for violating a duty imposed upon it by federal law, i.e., the FDCPA. Statutory claims for deceptive business practices (as alleged here) exist independent of any contractual agreement and are not subject to notice-and-cure provisions." (Id. at 13-14). She further argues that "[t]his action herein has nothing to do with the alleged subject contract," and that "Defendant's ignorance and/or misunderstanding of the law is not a defense to the FDCPA." (Id. at 15).

In opposition, PRA responds that these defenses are properly pled because "[c]ourts in [the] Eleventh Circuit and this District have found that claims, to include FDCPA claims, are subject to pre-suit notice contractual provisions if the 'alleged dispute occurs as a fairly direct result of the performance of contractual duties.'" (Doc. # 20 at 16). PRA states "the entire basis of [Ms. Fullmer's] two FDCPA claims is predicated upon the alleged failure by PRA to report on [Ms. Fullmer's] account to the CRAs in a manner [Ms. Fullmer] believed was allegedly appropriate pursuant to the terms of the Settlement Agreement." (Id.). According to PRA, "those same terms and conditions that [Ms. Fullmer] uses to support her FDCPA claims also required [Ms. Fullmer] to provide PRA with a written pre-suit notice to cure and allow for a certain period of time for the CRAs to update her credit report before filing this lawsuit." (Id.).

The Eleventh Circuit has held that "[a] claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.'" Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335, 1340-41 (11th Cir. 2012) (quoting Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109, 1116 (11th Cir.2001)). "Moreover, the fact that a dispute could not have arisen but for an agreement

14

does not mean that the dispute necessarily 'relates to' that agreement. The phrase 'related to' marks a boundary by indicating some direct relationship." Id. at 1341 (cleaned up and citations omitted).

Considering the limited record before it, the Court rejects Ms. Fullmer's argument that "[t]his action herein has nothing to do with the alleged subject contract." (Doc. # 19 at 15). The Complaint indicates that (1) Ms. Fullmer and PRA entered into a settlement agreement pertaining to a credit card debt, (2) Ms. Fullmer made a settlement payment of $863.17 to PRA in consideration for PRA's waiver of her debt, (3) PRA's lawsuit against Ms. Fullmer was subsequently dismissed as a result of the settlement, but nonetheless, (4) PRA allegedly attempted to collect on Ms. Fullmer's settled account by reporting the debt as actively due and owing. (Doc. # 1-1 at 2-3). On this record, the Court cannot conclude that the parties' Settlement Agreement, including its notice-and-cure provisions, has "no possible relationship to the controversy." Omnia Med., LLC, 2022 WL 3139241, at *3. Nor can the Court conclude that the sixth and seventh affirmative defenses are "patently frivolous" or "clearly invalid as a matter of law." Microsoft Corp., 211 F.R.D. at 683. Indeed, at this stage, the Court cannot exclude the possibility that

15

the instant dispute "relates to" the parties' Settlement Agreement or occurred "as a fairly direct result of" the performance or non-performance of duties under the Settlement Agreement, including its notice-and-cure provisions or its provisions that required PRA to waive Ms. Fullmer's debt. Bahamas Sales Assoc., LLC, 701 F.3d at 1340-41.

The cases cited by Ms. Fullmer are readily distinguishable. See Foster v. Green Tree Servicing, LLC, No. 8:15-cv-1878-JDW-MAP, 2017 WL 5151354, at *2-3 (M.D. Fla. Nov. 3, 2017) (ruling on motion for summary judgment); Clark v. Bank of Am., N.A., 561 F. Supp. 3d 542, 550 (D. Md. 2021) (same); St. Breux v. U.S. Bank, Nat. Ass'n, 919 F. Supp. 2d 1371, 1375 (S.D. Fla. 2013) (same); Belcher v. Ocwen Loan Servicing, LLC, No. 8:16-cv-690-SDM-AEP, 2016 WL 7243100, at *4 (M.D. Fla. Dec. 15, 2016) (ruling on motion to dismiss); Gerber v. First Horizon Home Loans Corp., No. C05-1554P, 2006 WL 581082, at *3 (W.D. Wash. Mar. 8, 2006) (same); Abercrombie v. Wells Fargo Bank, N.A., 417 F. Supp. 2d 1006, 1007 (N.D. Ill. 2006) (same); Garay v. Select Portfolio Servicing Inc., No. 1:19-CV-23323-JLK, 2020 WL 10823745, at *3-6 (S.D. Fla. Aug. 7, 2020) (same), report and recommendation adopted, No. 1:19-CV-23323-JLK, 2020 WL 10823759 (S.D. Fla. Aug. 31, 2020); Trevathan v. Select

16

Portfolio Servicing, Inc., 142 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015) (same). Ms. Fullmer fails to identify a case in which similar defenses were stricken from the pleadings.

The Motion is denied as to the sixth and seventh affirmative defenses.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Suzanne Fullmer's Motion to Strike Defendant's Affirmative Defenses (Doc. # 19) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE